United States Court of Appeals

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 Argued April 26, 1999 Decided May 7, 1999 

 No. 98-5355

 Judicial Watch, Inc., 

 Appellee

 v.

 Federal Election Commission, 

 Appellant

 Appeal from the United States District Court 

 for the District of Columbia 

 (No. 98cv00386)

 Before: Edwards, Chief Judge, Rogers, Circuit Judge, and 
Buckley, Senior Circuit Judge.

 J U D G M E N T

 This cause came to be heard on appeal from an opinion and 
judgment of the United States District Court for the District 
of Columbia and was briefed and argued by counsel. The 
issues have been accorded full consideration by the Court, 
and occasion no need for a published opinion. See D.C. Cir. 
R. 36(b).

 It is ORDERED and ADJUDGED that, for the reasons 
indicated in the attached memorandum opinion, the decision 
of the District Court is reversed and the matter is dismissed 
for lack of standing.

 The Clerk is directed to withhold issuance of the mandate 
herein until seven days after disposition of any timely petition 
for rehearing or petition for rehearing en banc. See Fed. R. 
App. P. 41(b); D.C. Cir. R. 41.

 Per Curiam

 FOR THE COURT:

 

 Mark J. Langer

 Clerk

 M E M O R A N D U M

 Judicial review in this case is predicated on the Federal 
Election Campaign Act ("FECA"), which permits any party 
aggrieved by the Federal Election Commission's ("FEC" or 
"Commission") dismissal of, or failure to act on, a complaint 
filed by that party to seek review in district court. See 2 
U.S.C. s 437g(a)(8)(A). Judicial Watch's standing to sue 
therefore must be based upon an injury stemming from the 
FEC's dismissal of Judicial Watch's administrative complaint. 
That complaint, filed in August 1996, alleged that various 
parties affiliated with the Clinton Administration sold seats 
on foreign trade missions in exchange for large campaign 
contributions. Judicial Watch now contends that the com-
plaint must be read to allege FECA reporting violations, such 
that the FEC's dismissal of the complaint deprived Judicial 
Watch and its members of information to which they are 
entitled.

 In Common Cause v. FEC, 108 F.3d 413 (D.C. Cir. 1997), 
we recognized the availability of standing under a theory of 
informational injury, but emphasized that the relevant analy-
sis must turn on the nature of the information allegedly 
denied. See 108 F.3d at 417. If an organization has simply 
been "deprived of the knowledge as to whether a violation of 
the law has occurred," that "injury" is no more than a 
generalized "interest in enforcement of the law," and does not 
support standing. Id. at 418. Where the plaintiff's complaint 
only nominally alleged a reporting violation, we concluded 
that what the plaintiff desired was "for the Commission to 
'get the bad guys,' rather than disclose information," id., and 
we found no standing to sue.

 Here, Judicial Watch has not even made a nominal allega-
tion of reporting violations. Nowhere in its administrative or 
civil complaint did Judicial Watch mention disclosure require-
ments or suggest that it desired documents that the alleged 
violators were required to disclose. Thus, under this circuit's 
precedent, there is no doubt that Judicial Watch lacks stand-
ing to bring this action. If Judicial Watch has a viable claim 
of reporting violations, the organization remains free to file a 
new complaint with the FEC asserting those violations.

 The FEC also argues that, even if Judicial Watch has 
standing, the District Court's sua sponte grant of summary 
judgment for Judicial Watch on the merits was improper, 
where the only issue before the court at the time of its ruling 
was the agency's jurisdictional challenge, and the agency had 
not yet answered Judicial Watch's complaint. The Commis-
sion's position appears to be indisputably correct. Cf. Single-
ton v. Wulff, 428 U.S. 106, 120-21 (1976) (holding that it was 
improper for court to resolve merits where petitioner, in 
answering respondent's motion to dismiss for lack of stand-
ing, had not yet filed answer or other pleading as to merits, 
and had not yet had opportunity to present evidence or legal 
arguments supporting its position). However, in light of our 
dismissal of this case for want of standing, the District 
Court's judgment on the merits has been eradicated. Thus, 
this second issue raised by the FEC is now moot.